CLEVELAND FOUNDRY CO. et al. v. KAUFMANN BROS.

(Circuit Court, W. D. Pennsylvania. November 9, 1903.)

No. 13.

1. PATENTS—INVENTION—OIL BURNERS.

The Jeavons patent, No. 702,560, for an oil burner, does not disclose a new mechanism or combination, but merely a new use for an old and well-known mechanism, and is void for lack of patentable invention.

2. SAME—PRESUMPTION OF VALIDITY.

The presumption of validity, due to the grant of a patent, is qualified by the fact that prior patents, material to a just estimate of the art, were not cited or considered by the examiner.

In Equity. Suit for infringement of letters patent No. 702,560, for an oil burner, granted to William R. Jeavons June 17, 1902. On final hearing.

Bakewell & Byrnes, for complainants.

W. B. Rodgers and S. J. Cox, for respondents.

BUFFINGTON, District Judge. This is a bill brought for the infringement of letters patent No. 702,560, granted June 17, 1902, to William R. Jeavons, for an oil burner. The defenses are noninfringement and invalidity of the patent. The device in question consists of a threaded needle valve located in the lower end of an enveloping sleeve, the upper end of which is higher than the maintained level in the supply tank. This valve controls the oil supply to the burner, and, in case the valve or burner becomes clogged, the valve stem may be unthreaded and used as a plunger to agitate the oil and so remove the clogging or objectionable substances. While we have given this case an unusual amount of study, we will not discuss it at length, but content ourselves with simply stating the conclusions we have reached. A needle valve to control oil supply was a well-recognized mechanism in oil-stove construction. Placing such valve in an enveloping sleeve, the top of which was higher than the level of the oil supply, was also known. Placing the threads at the lower end of the enveloping sleeve had also been practiced. There is nothing in the prior art to show that the practice of detaching the valve stem from the threads, and its use as a plunger to open the valve, was known before Jeavons disclosed it in the patent in suit. Now, while such practice is novel and useful, we cannot, having regard to the prior use of an enveloping sleeve and a needle valve stem therein, concede that the use of the latter in the former as a plunger or force pump involved patentable novelty. It is not the case of devising new means, but rather the discovery of new uses to which an old mechanism could be put. To sustain this patent would be to give the patentee a monopoly of a prior mechanism, to wit, a needle valve in an enveloping sleeve, because he had found a new way in which such mechanism could be employed. We think, in sustaining this patent and granting the patentee a monopoly of such use, we might trench on the public right to make any use it saw fit of a needle valve and an enveloping sleeve. Moreover, the presumption of patent validity, due to its issue, is possibly

affected by the fact that several patents, material to a just estimate of the prior art, were not considered by the examiner.

The case is a close one. We have not arrived at our conclusion without hesitation, and there are grounds for strongly urging a different one; but bearing in mind that what the complainant here seeks is a monopoly of far-reaching effect in this art, and the burden resting upon him to show a clear right thereto, we are of opinion we are justified in resolving our doubts in favor of the public and holding this patent invalid. Let such a decree be drawn.